IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Tyrone Edwards,      Case No. 3:07 CV 3488

    Plaintiff,      MEMORANDUM OPINION
AND ORDER

-vs-

     JUDGE JACK ZOUHARY

Lucas County Common Pleas Court,

    Defendant.

Plaintiff *pro se* Tyrone Edwards, an inmate at the Allen Correctional Institution, filed this case *in forma pauperis* under 42 U.S.C. § 1983 against the Lucas County Court of Common Pleas (Defendant Court). The Complaint seeks an Order setting aside Plaintiff's conviction in the Defendant Court on the grounds that "all my constitutional rights was (sic) violated . . . court reporter denied me my court transcript, and indictment, and true bill" (Complaint, p.3).

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Owens v. Keeling*, 461 F.3d 763, 776 (6th Cir. 2006). However, the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if plaintiff fails to state a claim upon which relief can be granted, or if the complaint lacks an arguable basis in law or fact. *See Jones v. Bock*, ____ U.S. ____ 127 S. Ct. 910, 920 (2007); *Rucker v. Potter*, 215 Fed. Appx. 406, 407 (6th Cir. 2007); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

The Complaint explicitly challenges Plaintiff's current confinement in a correctional institution. When a prisoner challenges "the very fact or duration of his physical imprisonment, . . .

his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973); *Dotson v. Wilkinson*, 329 F.3d 463, 468 (6th Cir. 2003).

Accordingly, this action is dismissed under section 1915(e)(2)(B).[1]  Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

January 24, 2008

---

[1] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking Section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth,* 114 F.3d 601, 608-09 (6th Cir. 1997).